**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

OSCAR STEPHEN JARRELL,

Petitioner-Appellant,

v.

LENORA JORDAN, Warden,

Respondent-Appellee.

No. 00-5181
(D.C. No. 99-CV-51-H)
(N.D. Okla.)

ORDER AND JUDGMENT *

Before **SEYMOUR**, **BALDOCK**, and **LUCERO**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In September 1996, petitioner Oscar Stephen Jarrell pleaded guilty in an Oklahoma state court to four counts, including first degree burglary and wearing a mask in the commission of a crime, and was sentenced to four concurrent prison terms, the longest of which was ten years. In January 1999, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising a variety of issues: ineffective assistance of counsel; denial of right to appeal from guilty plea; unknowing and involuntary guilty plea due to mental incompetency; illegal seizure of evidence; false arrest; failure of prosecution to disclose evidence; perjured testimony by arresting officer; and denial of right to speedy trial. The district court determined that most issues were procedurally barred because they previously had been denied on independent and adequate grounds in state court. The court rejected on the merits petitioner's claim that he was mentally incompetent to enter his guilty pleas. Petitioner filed a notice of appeal, and the matter is now before us on his request for a certificate of appealability (COA), which the district court has previously denied.

To be entitled to a COA with respect to his substantive competency claim, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To be entitled to a COA with respect to the district court's determination that he had procedurally defaulted most of his claims, petitioner must show that it is debatable whether the district court was correct in

this procedural ruling and that it is debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner contends that he was mentally incompetent to enter his guilty pleas because he was on suicide watch and psychotropic drugs at the time and that the drugs made his mouth so numb that he physically could not speak. The record indicates, however, that at his plea hearing, he verbally stated that he had discussed the matters with his counsel, understood the rights he was waiving, and that he understood and had discussed with counsel a form he admitted he had signed called "Findings of Fact--Acceptance of Guilty Plea." On this form, he indicated that he was not taking any medication or was failing to take any prescribed medication, that he understood the nature and consequences of the proceeding, and that he committed the crimes as charged. Based on the testimony at the hearing and the form, the state court found that the guilty pleas were knowing and voluntary. We must presume this factual finding to be correct, 28 U.S.C. § 2254(e)(1), and petitioner has provided nothing but conclusory allegations to challenge this finding. This is insufficient to make the showing necessary for a COA to issue. *See Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics

is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (quotation omitted).

The district court found petitioner's other claims procedurally barred because the petitioner had not moved to withdraw his guilty pleas or taken a direct appeal and the Oklahoma Court of Criminal Appeals had dismissed his appeal of the denial of post-conviction relief because petitioner violated a court rule by failing to attach a copy of the state district court's order to his petition in error. *See Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998) (upholding determination of procedural default on same ground). As in the district court, petitioner on appeal has failed to demonstrate the cause and prejudice or fundamental miscarriage of justice necessary to excuse his procedural default. Petitioner has thus not demonstrated that it is debatable whether the district court's procedural ruling was correct.

Petitioner's application for a certificate of appealability is DENIED and the appeal is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-4-